11th
Court of Appeals

                                                                Eastland,
Texas

                                                                       Opinion

 

Allen Ray Huddleston

Appellant

Vs.                  No.
11-85-137-CR -- Appeal from Palo Pinto County

State of Texas

Appellee

 

The
jury convicted Allen Ray Huddleston of sexual assault[1]
and assessed his punishment[2]
at confinement for twenty years.  We affirm.








There
is no challenge to the sufficiency of the evidence.  While appellant testified
and denied his guilt, the victim=s
testimony was legally sufficient to support the jury=s verdict.  See Houston v. State, 663 S.W.2d
455 (Tex.Cr.App.1984). The victim was a school teacher who recognized appellant
as one of the former students in the school where she taught.  She made a
positive identification of appellant as the man who came into her home on April
16, 1985, and who, by the use of threats and force, made her submit to a series
of sexual indignities.  After making her kneel in front of him, appellant
forced his victim to allow him to put his sexual organ into her mouth.  Then he
dragged her to the bed and forced her to submit to vaginal intercourse and anal
intercourse.  Appellant commented after the completion of the sexual assaults: 
AI've shamed you,
haven=t I.@  The victim replied:  AYes, you have,@ Appellant then said:  AI don't know what I'm going
to do with you now.@ 
The victim offered to give him the keys to her car so he could go, but
appellant said:  AYou
can take me home.@ 
She did not want to go in the car with appellant, and he said:  AYou think I'm going to go
out somewhere and waste you, don=t
you.@  She said:  AYes.@  The appellant said:  AWell, if I was going to hurt you, I would have
already hurt you.@ 
They dressed, and the victim took appellant to his grandmother=s home.  After he left the
car, she went to a neighbor=s
home and called the police.  After the police came, they talked to her, and
then they secured a warrant and arrested appellant at his grandmother=s house.

The
single ground of error deals with what was said at the time of his arrest. 
Appellant argues that the trial court erred when it Aallowed the District Attorney to question the
defendant about not giving an explanation to the police officer as to his
conduct.@  We quote
the relevant questions, answers, objection and rulings which occurred during
appellant=s
cross-examination during the guilt-innocent phase of trial:

Q  Okay.  Okay.  You
don=t have any idea
why this lady would get on the witness stand and say that you did what you did
to her?

 

A  No, sir.

 

Q  Think she just
lied about it?

 

A  I don=t know.

 

Q  You don=t have any opinion about
that one way or the other?

 

A  Well, I=ve known the lady for a
long time, I just ---

 

Q  Well, were you
shocked and amazed when you were arrested for this?

 

A  Well, I didn=t know exactly what was
going on and I asked him and he read me my rights.

 

Q  You asked him
what?  What did you start to say?

 

A  I asked them why
they arrested C

 

Q  That=s not the way you said it
was it?

 

A  Yes, sir.

 

Q  That=s the way you said it? 
Okay.  And then you were read your rights.

 

A  Uh-huh.

 








Q  Didn=t --- then did you say
anything else?

 

A  Told them to
get out of my house once they had me handcuffed.

 

Q  After you
were read your rights did you say anything else?

 

A  Told them to
get out of my house, that was it.

 

Q  Well, did you
ask them what was going on?

 

A  I asked them
why I was being arrested for.

 

Q  Uh-huh.  Did
you try to give any explanation at all?

 

MR. WATSON: Your
Honor, I=ll object to
that.  That=s a
comment on this man=s
failure to testify and make an incriminating statement against himself.  I=ll request the Court to
instruct the jury to disregard the question and answer.

 

THE COURT: 
Overruled.

 

MR. WATSON: And
I=ll request the Court
to grant a mistrial on this matter.

 

THE COURT: 
Overruled.

 

Since
the objection urged in the trial court is not the same as the complaint raised
in the ground of error, appellant has not properly preserved his complaint for
appellate review.  See, e.g., Daniels v. State, 600 S.W.2d 813 at 816
(Tex.Cr.App. 1980). moreover, similar testimony had been admitted when appellant=s attorney cross-examined
the arresting officers.  Officer Bishop testified:

Q  Did he complain
about being arrested?

 

A  No, sir.

 

Q  Did he say
anything at all to you about  --- ask you why you were there?

 

A  To me, no, sir.

 

Officer Dennison
testified:

 

Q  Did you tell
him what you were doing there (at the time of the arrest)?

 

A  Yes, sir.

 








Q  What did he
say or did he ask you what you were doing there, let me back up?

 

A  Did he ask us
what we were doing there?

 

Q  Yes.  Or why
you were arresting him?

 

A  No. He didn=t ask us why we were
arresting him at the time.

 

Q  Okay.

 

A   He did say
something but he didn=t
ask us that.

 

As noted in East v. State, 702
S.W.2d 606 at 611 (Tex.Cr.App.1985):

 

It has long been the
rule that improper admission of evidence does not constitute reversible error
if the same facts were proved by evidence not objected to.

 

Since the matter of appellant=s
post-arrest comments was originally raised by appellant=s own lawyer, we hold that the trial court did
not err in overruling appellant=s
objection to the district attorney's question as to whether appellant tried to
give an explanation at the time of his arrest.  Further, even if the question
were held to be in violation of Doyle v. Ohio, 426 U.S. 610 (1976), we would
hold that under the facts of this case, the error was harmless because we
believe beyond any reasonable doubt that the district attorney=s unanswered question did
not contribute to the verdict of guilty or to the 20-year sentence which was
assessed.  See Chapman v. California, 386 U.S. 18 (1967).

The single ground of error is overruled.

The judgment of the trial court is affirmed.

 

March
13, 1986                                                                                 BOB
DICKENSON

See
TEX.CR.APP.R. 207.                                                               JUSTICE









[1]TEX.  PENAL CODE ANN. sec. 22.011 (Vernon Supp. 1986)
defines the offense and declares- it to be a felony of the second degree.





[2]The punishment was enhanced to a first degree felony
under TEX.  PENAL CODE ANN. sec. 12.42(b) (Vernon 1974) when appellant pled
true to the indictment's allegation that he had been previously convicted of
the felony offense of attempted robbery.  TEX.  PENAL CODE ANN. sec. 12.32
(Vernon Supp. 1986) states that a person adjudged guilty of a felony of the
first degree shall be punished by confinement for life or for any term of not
less than five nor more than ninety-nine years.  An optional fine of not more
than $10,000 could also have been imposed in addition to imprisonment.