Charles Melvin DANIELS, Appellant,

v.

The STATE of Texas, Appellee.

No. 60014.

Court of Criminal Appeals of Texas,
Panel No. 3.

May 14, 1980.

Preston DeShazo and J. Thomas Sullivan, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Ronald D. Hinds, Stewart C. Robinson, Jr., and Reed W. Prospere, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before PHILLIPS, DAVIS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of murder. The punishment is imprisonment for life.

The appellant asserts that: unlawfully obtained evidence was admitted; the evidence is insufficient to sustain the conviction; hearsay evidence was erroneously admitted; there was jury misconduct.

Appellant contends that three weapons found after an alleged unlawful search and seizure were erroneously admitted in evidence. The pivotal issue is whether the court erred in admitting in evidence the weapons obtained in an inventory search of an automobile. Approximately two weeks after the murder the appellant and two companions were riding in an automobile when a police officer stopped them after he observed the automobile going the wrong way on a one way street. The officer asked to see an operator's license and the appellant stated he had none. Appellant was asked what his name was; he told the officer his name was Milton R. Lewis, Jr. The appellant was arrested and no identification was found on him. Appellant's companions were then placed under arrest, but the record fails to reveal on what charge they were arrested. However, neither of appellant's companions had operators' licenses. The vehicle was impounded but prior to its being towed to the city pound an inventory search was conducted by the police. Three pistols were found under the seat. One was determined to be the murder weapon and another had belonged to the deceased.

Inventory searches pursuant to a lawful impoundment were held not to be a violation of the Fourth Amendment to the United States Constitution. *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). Thus before the inventory search may be upheld there must be a lawful impoundment.

The appellant and his companions were placed under custodial arrest. There was no one to whom the police could have given possession of the automobile. Appel-

lant argues that the arrest of his two companions was a subterfuge to create justification for the impoundment. Without discussing appellant's lack of standing to raise such an issue we note that neither of his companions had an operator's license. They would not have been able to take possession and drive the automobile. Furthermore, when the appellant was arrested he had no identification. Appellant at the time stated that the automobile belonged to his uncle. The police would have been derelict in their duty if they had given possession of an automobile driven by an unidentified person to his companions without first determining the identity of the driver and the ownership of the vehicle. In contrast with our decision in *Benavides v. State*, 600 S.W.2d 809 (No. 60,277, decided this day) where we found the automobile was unlawfully impounded, the impoundment here was lawful. *South Dakota v. Opperman*, supra; *Evers v. State*, 576 S.W.2d 46 (Tex.Cr.App. 1978); *Robertson v. State*, 541 S.W.2d 608 (Tex.Cr.App.1976). The inventory search that was conducted was not excessive in scope. The weapons were found under the seat. Also, the fact that the inventory search was conducted prior to the automobile being towed rather than at the city pound makes no difference. In inventory cases, usually the physical location of a lawfully impounded vehicle would not be relevant. *Evers v. State*, supra. The weapons were lawfully seized and properly admitted in evidence.

■ The appellant also says that the evidence is insufficient to support a conviction for the offense of murder. The appellant urges that the evidence does not exclude every reasonable hypothesis except that of appellant's guilt. He relies on *Thompson v. State*, 563 S.W.2d 247 (Tex.Cr.App.1978). The rule on which the appellant relies is one applicable to cases based on circumstantial evidence. Since there was evidence that the appellant had admitted killing the deceased, this was not a circumstantial evidence case. Although the appellant had requested that the court submit a circumstantial evidence charge and the trial court did submit to the jury a charge on circum-

stantial evidence, it was not necessary to submit such a charge.

Two witnesses testified that appellant admitted killing the deceased; they had also seen appellant with the murder weapon prior to the offense. The weapon which was used to kill the deceased and a weapon belonging to the deceased were found in the automobile being driven by the appellant. The deceased's watch was found in possession of the appellant.

■ Appellant argues that the two witnesses who testified that they had seen him with the murder weapon and that the appellant had admitted to them that he committed the offense, were unreliable and had a motive for untruthfulness. Therefore, he asserts, it is reasonable to deduce that they were not telling the truth and thus not every reasonable hypothesis except that of the guilt of the appellant had been excluded. However, the jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. *Lafoon v. State*, 543 S.W.2d 617 (Tex.Cr. App.1976); *Carlisle v. State*, 549 S.W.2d 698 (Tex.Cr.App.1977). The jury obviously chose to believe their testimony. The evidence was sufficient to support the jury's finding of guilt.

■ Appellant next contends that testimony of two witnesses should not have been admitted. Both witnesses testified that the appellant had admitted to them, prior to his arrest, that he had shot the victim. Appellant at trial objected that the statements were hearsay. These statements are within the long-recognized exception to the hearsay rule of admissions of a party. 1A Ray, Texas Law of Evidence, Sec. 1162 (3rd ed. 1980). Statements admitting a crime by one not under arrest are admissible. *Gibbs v. State*, 468 S.W.2d 69 (Tex.Cr.App.1971); *Lamberson v. State*, 504 S.W.2d 894 (Tex.Cr.App.1974). The appellant also contends that these statements should have been excluded because their probative value was outweighed by their prejudice because of the witnesses' lack of credibility. These matters relate to the

weight of the evidence and not to its admissibility. Further, the only objection made at trial concerning the testimony of these witnesses was that it was hearsay. When the objection made in trial court is not the same as urged on appeal, the defendant has not properly preserved his complaint for review. *Watkins v. State*, 572 S.W.2d 339 (Tex.Cr.App.1978). *Williams v. State*, 566 S.W.2d 919 (Tex.Cr.App.1978).

The appellant also alleges that there was jury misconduct and as a result he was denied a fair and impartial trial. At the hearing on the motion for new trial four of the jurors testified. Each admitted that there had been some discussion of leniency while the jury was deliberating the guilt or innocence of the appellant. This discussion occurred after the jury had stalled in an 11 to 1 vote for conviction. Appellant asserts that the discussion of leniency influenced the remaining juror to change his vote to conviction. However all four jurors stated there had been no agreements of any sort between them. The remaining juror stated the changing of his vote was not influenced at all by any discussion of leniency. We conclude there was no jury misconduct. Furthermore, this appears to be an attempt to impeach the jury's verdict by showing the reasons for the conclusion reached and the mental process by which the jury reached its verdict. A jury verdict may not be impeached in this manner. *Berry v. Smith*, 588 S.W.2d 932 (Tex.Cr.App.1979); *Hill v. State*, 493 S.W.2d 847 (Tex.Cr.App.1973); *Adams v. State*, 481 S.W.2d 884 (Tex.Cr.App.1972).

Appellant also contends that statements made after the trial by the jurors indicate jury misconduct. One juror stated he had a "minute doubt" as to appellant's guilt; another stated there was a question in the mind of the jury because they did not feel that they knew the true extent of appellant's involvement in the offense; and another juror stated that the jury found the appellant guilty by association. Appellant's contention is without merit. A juror may not explain or impeach his verdict by showing the reason for the conclusion reached. *Berry v. State*, supra; *Adams v. State*, supra; *Hill v. State*, supra; *Peak v. State*, 522 S.W.2d 907 (Tex.Cr.App. 1975); *Simmons v. State*, 493 S.W.2d 937 (Tex.Cr.App.1973); *Munoz v. State*, 524 S.W.2d 710 (Tex.Cr.App.1975).

The judgment is affirmed.