Martin AYALA, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–299–CR(T).

Court of Appeals of Texas, Austin.

Sept. 7, 1983.

---

2. Tex. Const. art. III, § 44.

Stephen E. Blythe, Temple (court-appointed), for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

POWERS, Justice.

Martin Ayala appeals his conviction for aggravated robbery. Tex.Pen.Code Ann. § 29.03 (1974). A jury found him guilty over his plea of not guilty. After a separate hearing before the trial judge alone, appellant was sentenced to life imprisonment. We affirm.

Appellant's first two grounds of error assert that the trial court erred by receiving in evidence examples and analyses of appellant's handwriting. The examples furnished the basis for an expert witness' analyses and opinion testimony that appellant's handwriting indicated that he was the same person who endorsed certain money orders taken in the robbery of a convenience-store manager in Bell County, Texas for which appellant was on trial and in which he had been implicated by the testimony of other participants in the robbery.

With commendable frankness and clarity, appellant's counsel argues that the rule of *Olsen v. State*, 484 S.W.2d 756, 772 (Tex.Cr. App.1972) (requiring accused to give a handwriting example does not constitute compulsory self-incrimination under the Constitution) should be qualified by the holdings in *Escamilla v. State*, 556 S.W.2d 796, 798 (Tex.Cr.App.1977) and *Smith v. State*, 557 S.W.2d 299, 302 (Tex.Cr.App. 1977) (taking blood sample from the accused is a search and seizure under Tex. Const. Ann. art. I, § 9 (1955), and its admissibility depends upon the State's affirmatively showing that the accused voluntarily consented to the taking of the sample). Appellant was in official custody when the handwriting examples were taken and he concedes the importance of the expert testimony by suggesting "that a conviction could not be had in this case except for the connecting link" established by his execution of the stolen money orders, corroborating the accomplices' testimony that appellant participated in the robbery and shot the store attendant.

The State rejoins that the examples were freely and voluntarily given by appellant under the evidence; and, moreover, the taking of such examples does not constitute a "search and seizure" under the Constitution because no bodily intrusion is necessary to obtain them. The State cites by analogy *Patterson v. State*, 598 S.W.2d 265, 268–70 (Tex.Cr.App.1980) (taking of hair samples from the accused's body, without his consent, involved only a minor intrusion upon the body, if any at all, and was consequently not an unreasonable search and seizure under the Constitution so that a warrant was required in lieu of consent.)

The handwriting examples were, of course, non-testimonial in nature and in an abstract sense their taking could constitute a "search" or a "seizure"; however it has been expressly held that in the sense of the Fourth Amendment to the Constitution of the United States, the non-consensual taking of such examples is "neither a search or [sic] seizure." *United States v. Euge*, 444 U.S. 707, 718, 100 S.Ct. 874, 881, 63 L.Ed.2d 141 (1980); *United States v. Mara*, 410 U.S. 19, 21–22, 93 S.Ct. 774, 775–76, 35 L.Ed.2d 99 (1973). We therefore overrule appellant's first two grounds of error.

Appellant's last ground of error contends the trial court erred in overruling his motion for instructed verdict, made at the close of the State's case-in-chief on the

ground that the evidence was insufficient to support a finding of guilty beyond a reasonable doubt. Appellant points out that the victim of the robbery could not identify appellant as the person who shot him in the course of the robbery and could not testify that others participated in the robbery. He points as well to evidence that the other individuals who participated in the robbery, and implicated him therein, had previously denied any knowledge of the robbery and had denied appellant's participation in it, changing their testimony only after they had been themselves convicted and were serving their sentences. Without their testimony, appellant argues, the only evidence connecting him with the robbery consisted in the money orders taken in the course of the robbery; and, appellant asserts, mere possession of the money orders several days after the date of the robbery could not constitute probative evidence that he had participated in the robbery.

 We observe, however, that appellant was connected with the robbery in several indirect ways by the testimony of individuals who were not themselves accomplices. For example, the witness Brown testified that he had received one of the stolen money orders from appellant, which he indorsed at appellant's request and gave the proceeds to appellant; the witness Buchanan testified that he heard appellant talking to another person about a pistol, in which conversation appellant stated to Buchanan that the person who had been first accused of shooting the robbery victim was a "big guy" which made appellant wonder how "they could have mistaken him for [appellant]"; and, the witness Cooper testified that he cashed one of the stolen money orders for appellant three days after the robbery. Thus, the testimony of appellant's accomplices does not stand alone, for the corroborative testimony of the other witnesses, while insufficient in itself to establish guilt, nevertheless tends to connect appellant with the robbery as does appellant's endorsement of other money orders taken in the robbery. *Pinson v. State*, 598 S.W.2d 299, 302 (Tex.Cr.App.1980). We may not say, therefore, that the trial court erred in overruling appellant's motion for instructed verdict for the jury could reasonably find appellant guilty based upon the entirety of the evidence, it being for the jury to weigh and resolve any contradiction in the testimony of the accomplices. *Daniels v. State*, 600 S.W.2d 813, 815 (Tex.Cr.App.1980). Appellant's ground of error is overruled.

Finding no error as contended by appellant, we affirm the judgment of the trial court.