11th Court of Appeals

Eastland, Texas

Opinion

Allen Ray Huddleston

    Appellant

Vs.        No. 11-85-137-CR -- Appeal from Palo Pinto County

State of Texas

    Appellee

The jury convicted Allen Ray Huddleston of sexual assault[1] and assessed his punishment[2] at confinement for twenty years. We affirm.

There is no challenge to the sufficiency of the evidence. While appellant testified and denied his guilt, the victim's testimony was legally sufficient to support the jury's verdict. See Houston v. State, 663 S.W.2d 455 (Tex.Cr.App.1984). The victim was a school teacher who recognized appellant as one of the former students in the school where she taught. She made a positive identification of appellant as the man who came into her home on April 16, 1985, and who, by the use of threats and force, made her submit to a series of sexual indignities. After making her kneel in front of him, appellant forced his victim to allow him to put his sexual organ into her mouth. Then he dragged her to the bed and forced her to submit to vaginal intercourse and anal intercourse. Appellant commented after the completion of the sexual assaults: "I've shamed you, haven't I." The victim replied: "Yes, you have," Appellant then said: "I don't know what I'm going to do with you now." The victim offered to give him the keys to her car so he could go, but appellant said: "You can take me home." She did not want to go in the car with appellant, and he said: "You think I'm going to go out somewhere and waste you, don't you." She said: "Yes." The appellant said: "Well,

_____

[1]TEX. PENAL CODE ANN. sec. 22.011 (Vernon Supp. 1986) defines the offense and declares- it to be a felony of the second degree.

[2]The punishment was enhanced to a first degree felony under TEX. PENAL CODE ANN. sec. 12.42(b) (Vernon 1974) when appellant pled true to the indictment's allegation that he had been previously convicted of the felony offense of attempted robbery. TEX. PENAL CODE ANN. sec. 12.32 (Vernon Supp. 1986) states that a person adjudged guilty of a felony of the first degree shall be punished by confinement for life or for any term of not less than five nor more than ninety-nine years. An optional fine of not more than $10,000 could also have been imposed in addition to imprisonment.

if I was going to hurt you, I would have already hurt you." They dressed, and the victim took appellant to his grandmother's home. After he left the car, she went to a neighbor's home and called the police. After the police came, they talked to her, and then they secured a warrant and arrested appellant at his grandmother's house.

The single ground of error deals with what was said at the time of his arrest. Appellant argues that the trial court erred when it "allowed the District Attorney to question the defendant about not giving an explanation to the police officer as to his conduct." We quote the relevant questions, answers, objection and rulings which occurred during appellant's cross-examination during the guilt-innocent phase of trial:

Q  Okay. Okay. You don't have any idea why this lady would get on the witness stand and say that you did what you did to her?

A  No, sir.

Q  Think she just lied about it?

A  I don't know.

Q  You don't have any opinion about that one way or the other?

A  Well, I've known the lady for a long time, I just ---

Q  Well, were you shocked and amazed when you were arrested for this?

A  Well, I didn't know exactly what was going on and I asked him and he read me my rights.

Q  You asked him what? What did you start to say?

A  I asked them why they arrested —

Q  That's not the way you said it was it?

A  Yes, sir.

Q  That's the way you said it? Okay. And then you were read your rights.

A  Uh-huh.

2

Q Didn't --- then did you say anything else?

A Told them to get out of my house once they had me handcuffed.

Q After you were read your rights did you say anything else?

A Told them to get out of my house, that was it.

Q Well, did you ask them what was going on?

A I asked them why I was being arrested for.

Q Uh-huh.  Did you try to give any explanation at all?

MR. WATSON: Your Honor, I'll object to that.  That's a comment on this man's failure to testify and make an incriminating statement against himself.  I'll request the Court to instruct the jury to disregard the question and answer.

THE COURT:  Overruled.

MR. WATSON: And I'll request the Court to grant a mistrial on this matter.

THE COURT:  Overruled.

Since the objection urged in the trial court is not the same as the complaint raised in the ground of error, appellant has not properly preserved his complaint for appellate review.  See, e.g., Daniels v. State, 600 S.W.2d 813 at 816 (Tex.Cr.App. 1980). moreover, similar testimony had been admitted when appellant's attorney cross-examined the arresting officers.  Officer Bishop testified:

Q Did he complain about being arrested?

A No, sir.

Q Did he say anything at all to you about  --- ask you why you were there?

A To me, no, sir.

Officer Dennison testified:

Q Did you tell him what you were doing there (at the time of the arrest)?

A Yes, sir.

3

Q  What did he say or did he ask you what you were doing there, let me back up?

A  Did he ask us what we were doing there?

Q  Yes.  Or why you were arresting him?

A  No. He didn't ask us why we were arresting him at the time.

Q  Okay.

A   He did say something but he didn't ask us that.

As noted in East v. State, 702 S.W.2d 606 at 611 (Tex.Cr.App.1985):

> It has long been the rule that improper admission of evidence does not constitute reversible error if the same facts were proved by evidence not objected to.

Since the matter of appellant's post-arrest comments was originally raised by appellant's own lawyer, we hold that the trial court did not err in overruling appellant's objection to the district attorney's question as to whether appellant tried to give an explanation at the time of his arrest. Further, even if the question were held to be in violation of Doyle v. Ohio, 426 U.S. 610 (1976), we would hold that under the facts of this case, the error was harmless because we believe beyond any reasonable doubt that the district attorney's unanswered question did not contribute to the verdict of guilty or to the 20-year sentence which was assessed.  See Chapman v. California, 386 U.S. 18 (1967).

The single ground of error is overruled.

The judgment of the trial court is affirmed.

March 13, 1986                                      BOB DICKENSON

Not published.  See TEX.CR.APP.R. 207.            JUSTICE