Ismael ESCARCEGA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–85–00139–CR.

Court of Appeals of Texas,
El Paso.

May 28, 1986.

Fernando Chacon, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a jury conviction for aggravated sexual assault. Appellant received a ten-year probated sentence. Appellant was jointly tried with codefendants Ernesto Sepulveda and Howard Hughes. All three defendants were found guilty. (Hughes' conviction was affirmed by this Court on February 26, 1986. Hughes v. State, No. 08–85–00123–CR). As to this Appellant, we reverse and remand.

In his first ground of error, Appellant contends that the trial court improperly denied his motion for new trial based on the jury's misconduct in bargaining for a guilty verdict. The State argues that there was no error because Appellant was absent from the hearing on the motion for new trial.

Appellant filed his motion for new trial on April 3, 1985. He filed an amended motion on April 17, 1985. The court scheduled a hearing on the new trial motions of all three defendants. Counsel for Appellant was present at the hearing and ready to proceed, but the court refused to rule on Appellant's motion because of Appellant's absence. The evidence supporting Appellant's claim of jury misconduct was introduced at the hearing by Appellant's codefendants.

Article 33.03 of the Code of Criminal Procedure provides the following:

In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial. Provided, however, that the presence of the defendant shall not be required at the

hearing on the motion for new trial in any misdemeanor case.

Tex.Code Crim.Pro.Ann. art. 33.03 (Vernon Pamphlet 1986). A defendant, however, may waive his right to be present at the motion for new trial. *Phillips v. State*, 163 Tex.Cr.R. 13, 288 S.W.2d 775, 776 (Tex. Crim.App.1956). Reversal is required only where defendant desires to be present at the hearing on the motion for new trial and is denied the right. *Jackson v. State*, 379 S.W.2d 896 (Tex.Crim.App.1964); *Lacy v. State*, 374 S.W.2d 244, 245 (Tex.Crim.App. 1963). Clearly the Appellant waived his right to be present at the new trial hearing. His attorney was present and ready to proceed, and, as the State points out, there is no evidence that the defendant was prevented from attending the hearing. Appellant does not predicate any error upon his absence at the hearing on the motion for new trial. The State cannot be heard to complain of Appellant's waiver of one of his own protections.

▮ Since the court refused to hear Appellant's motion, the State now contends that the affidavits and testimony introduced at the hearing by counsel for Appellant's codefendants cannot be considered substantive evidence for purposes of granting a new trial to Appellant. An appellate court, however, may take judicial notice of its record in the same or related proceedings involving the same or nearly the same parties. *Huffman v. State*, 479 S.W.2d 62, 68 (Tex.Crim.App.1972). Unlike the cases cited by the State, Appellant in this case was prevented from introducing evidence at the hearing through his attorney. Appellant's counsel did everything possible to preserve error. Thus, this Court may consider the affidavits and testimony introduced by Appellant's codefendants at the new trial hearing.

In the motion for new trial, Appellant presented affidavits of jurors David G. Orozco and Margaret R. Smith. Both stated that during deliberations on guilt or innocence, they had discussed the certainty that Appellant and codefendant Sepulveda would be placed on probation and that such discussion materially affected their decision to find the two guilty. These affidavits were introduced by Appellant's codefendants at the hearing on the motion for new trial where both jurors gave testimony. Juror Smith testified that discussion of Appellant's application for probation affected her decision as to the guilt or innocence of Appellant. Juror Orozco also testified that the discussion of probation affected his decision. Orozco stated that had he believed Appellant was ineligible for probation, he would have found Appellant not guilty. On cross-examination, Orozco admitted that he voted for a guilty verdict although believing Appellant not guilty. His guilty vote was made on the condition that Appellant would receive probation.

▮ The court's charge instructed the jury that their "sole duty at this time is to determine the guilt or innocence of the defendant under the indictment in this cause, and restrict your deliberations solely to the issue of guilt or innocence of the defendant." As indicated by testimony at the hearing on the motion for new trial, the jurors disregarded these instructions. The test for jury misconduct asks first whether there was misconduct, and second, did it result in harm. *Grismore v. State*, 641 S.W.2d 593, 596 (Tex.App.—El Paso 1982. PDRR). Clearly the facts of this case meet both requirements. Furthermore, the State failed to introduce any controverting evidence. Thus, no issue of fact existed for the trial court to determine. In such cases, a new trial should be granted. *Alexander v. State*, 610 S.W.2d 750, 752 (Tex. Crim.App.1980). Appellant's first ground of error is sustained. Appellant's other grounds of error have been examined and found to be without merit and they are overruled.

The judgment is reversed and the case is remanded for a new trial.