Harvey Ray **VORWERK**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 3–86–141–CR.

Court of Appeals of Texas,
Austin.

Aug. 12, 1987.

---

Jane Matyastik Vorwerk, Taylor, for appellant.

Billy Ray Stubblefield, Co. Atty., Boyd Kennedy, Asst. Co. Atty., Georgetown, for appellee.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellant, Harvey Ray Vorwerk, seeks to set aside the judgment of conviction of driving while intoxicated. Judgment was rendered after a jury trial in the county court at law of Williamson County. The court assessed punishment at confinement for ninety days and a fine of $2,000.00, but imposition of sentence was suspended and appellant was placed on probation. This Court will reverse the judgment.

Appellant complains, in general, that the court erred in overruling his motion for new trial based on jury misconduct. Specifically, appellant asserts that one of the jurors, during the guilt/innocence deliberation, traded a vote of guilty for the agreement that the jury would assess a light sentence. Appellant urges that this agreement was misconduct such "that the defendant has not received a fair and impartial trial." Tex.Code Cr.P.Ann. art. 40.-03(8) (1979), now found in Tex.R.App.P. 30 (Supp.1987) ("such misconduct that the accused has not received a fair and impartial trial....").

In the motion for new trial, appellant supported his charge of jury misconduct by affidavits of two jurors, Robert Durci and Randy McSpadden. Upon hearing of the motion for new trial, the two jurors appeared and testified. Durci testified that the jury became deadlocked during their deliberations. Durci stated that the jury was unsure, but thought (incorrectly) that it might have the right to assess appellant's punishment. With that in mind, Durci testified that the jury, as a way of resolving the deadlock, agreed that they would "assess a light sentence." Durci further testified that "the only time that we made the *stipulation* would be if we could have done that [assessed punishment] we would have committed a light sentence." Sometime after that "decision," Durci concluded that McSpadden changed his vote from "not guilty" to "guilty."

McSpadden testified that it was he who caused the deadlock. He believed, without reservation, that the jury would assess punishment. The nature of the agreement struck by the jury is best understood by quoting from his testimony.

Q: ... Okay, and was there a statement made by—and I don't think we are concerned by who made that statement, but just that the statements were made that for in exchange for a—ah, in order to reach a unanimous verdict, or to reach a verdict, that you all would set a light sentence—in order to—for everybody to agree on a guilty verdict?

A: I wouldn't say for everybody; it was for my benefit.

&ast; &ast; &ast; &ast; &ast; &ast;

Q: ... [A]fter that statement was made by the jurors, you changed your vote from "not guilty" to "guilty"?

A: Yes.

Q: And it was after that statement was made by whoever made it, that that was in exchange—the agreement being made that it would be a light sentence?

A: Yes.

Under art. 40.03(8), appellant must show (1) juror misconduct that (2) deprived him of a fair and impartial trial. *Garza v. State*, 695 S.W.2d 58 (Tex.App.1985, no pet.). "What does constitute such degree of misconduct as to deny the defendant a fair and impartial trial must be determined upon the facts of the individual case." *Heredia v. State*, 528 S.W.2d 847 (Tex.Cr. App.1975).

Reviewing courts have often concluded that charges of jury misconduct predicated upon jury consideration of punishment during deliberation on guilt/innocence are im-

proper efforts to "impeach" the verdict by going into the thought processes of the jurors. *Daniels v. State*, 600 S.W.2d 813 (Tex.Cr.App.1980); *Hill v. State*, 493 S.W.2d 847 (Tex.Cr.App.1973); *Arnold v. State*, 486 S.W.2d 345 (Tex.Cr.App.1972); *Peavy v. State*, 654 S.W.2d 717 (Tex.App. 1983, pet. ref'd). Nevertheless, the basic principle remains that jurors should

> confine their deliberations to the evidence adduced on the trial, lest a fair and impartial verdict according to law be improperly influenced by irrelevant and prejudicial matters not relating to the guilt or innocence of the accused nor to the punishment to be assesed [sic] in the event of conviction.

*Simmons v. State*, 156 Tex.Cr.R. 153, 239 S.W.2d 625, 627 (1951).

Accordingly, the resolution of this appeal hinges upon whether appellant was improperly impeaching the jury's verdict or was, on the other hand, properly demonstrating jury misconduct.

When reviewing courts conclude that efforts to show juror discussion or consideration of punishment constitute impermissible impeachment of the jury verdict, those courts distinguish instances in which the members of the jury *make an agreement* to render a guilty verdict in exchange for a lighter punishment. In *Daniels, supra,* the court observed that although leniency was discussed, "all four jurors stated there had been no *agreements* of any sort between them." *Id.* at 816. In *Salas v. State*, 629 S.W.2d 796 (Tex.App.1981, no pet.), the court found no misconduct where a juror, who believed defendant to be guilty of murder, did not *"trade-off"* his vote in favor of an aggravated assault conviction for the other jurors' votes for the maximum punishment on the lesser included offense. *See also Adams v. State*, 481 S.W.2d 884 (Tex.Cr.App.1972) (where three jurors announced they would vote with majority, "[a]bsent a showing that they agreed to be bound thereby, there is no error.").

In contrast to *Daniels* and *Hill*, appellant relies upon uncontradicted evidence of an agreement among jurors to reach a unanimous verdict of guilt in exchange for light punishment. In *Escarcega v. State*, 711 S.W.2d 400 (Tex.App.1986, no pet.), the court concluded that jury misconduct existed based upon similar facts. In *Escarcega*, the "certainty" that appellant would be placed on probation was discussed among the jurors and several testified that this discussion changed their vote as to guilt/innocence. The jurors' discussion alone, however, would have been insufficient to show jury misconduct, since the court in *Daniels* held discussion of leniency, without binding agreement, to be permissible. The distinguishing factor in *Escarcega* is that one juror testified that "[h]is guilty vote was made *on the condition* that appellant would receive probation." *Id.* at 402 (Emphasis supplied.).

The court in *Escarcega* concluded that the jury's conduct was in disobedience of the instruction to "restrict your deliberations solely to the issue of guilt or innocence of the defendant." The court held further that the jury had engaged in misconduct harmful to the defendant and since "the State failed to introduce any controverting evidence ... no issue of fact existed for the trial court to determine. In such case, a new trial should be granted." *See Alexander v. State*, 610 S.W.2d 750 (Tex. Cr.App.1981).

As in *Escarcega*, our appellant demonstrated that one juror voted for guilt, not because of the evidence presented, but because of the promise of light punishment to be meted out by the jury. This Court concludes that, under such facts, appellant was denied a fair and impartial trial.

The judgment of conviction is reversed and the cause is remanded for new trial.