**STATE of Texas, Appellant,**

v.

**Ray HERNANDEZ, Appellee.**

**No. 12–89–00023–CR.**

Court of Appeals of Texas, Tyler.

Nov. 30, 1990.

See also, 776 S.W.2d 598.

William R. Pemberton, Crockett, for appellant.

Mark W. Patterson, Huntsville, Don Gordon, Crockett, for appellee.

COLLEY, Justice.

The State of Texas (appellant) brings this appeal[1] from the court's order granting Ray Hernandez (appellee) a new trial in the prosecution of appellee for the offense of possession of a deadly weapon while confined in a "penal institution."[2]

The record reveals that a jury convicted appellee of the charged offense, and that the trial judge assessed appellee's punishment at 52 years' confinement. Sentence was imposed at open court on October 7, 1988. On November 2, 1988, appellee filed a motion for new trial based in part on jury misconduct, alleging that "the jury made an agreement to render a guilty verdict in exchange for a lighter punishment to be assessed by the Jury." The affidavit of juror Carol Brown was attached to the motion. Brown's affidavit reads in part as follows:

In return for an agreement *among the Jury that the Jury would assess a lighter punishment, I changed my vote from* innocent to guilty at the guilt/innocence stage of the trial. I changed my vote, solely because of the aforesaid agreement of the jury to set a lighter punishment at the punishment phase of the trial.

On November 10, 1988, the trial court heard the motion for new trial. Appellee called one witness, affiant Carol Brown, who gave testimony supporting her affidavit. On cross-examination, she stated that she and two other jurors held out for a not guilty verdict until the last fifteen minutes of their deliberations, during which time the punishment issue was discussed. She related that during that time frame, the other nine jurors stated "they could agree to a lighter sentence. That's all that was said about it. We didn't set any years. We said the minimum." Again on cross-examination, Brown, in response to questioning, stated that she informed the other jurors that "the only way I can consider guilty is if he got a lighter sentence." She also testified that the other jurors "said they could go along with that." On redirect examination, Brown testified in effect that she changed her vote from "not guilty" to "guilty" because the other jurors agreed that appellee's punishment would be fixed at the "minimum punishment." Following Brown's testimony, appellee rested.

Appellant then called juror Frankie Lois Pennington. She testified that during the first five hours of deliberation she initially "voted not guilty," but later changed her mind and voted for a guilty verdict. She testified that "[t]here wasn't any verbal agreement that I remember." She did say, however, that the punishment issue was discussed. On cross-examination, Pennington stated, "I can't remember everything that was said [about punishment]. We had talked about that we needed to punish him, but I don't think we were going to give him the maximum." On redirect examination, Pennington testified that "[t]he general feeling was that we probably would give

---

1. Pursuant to Tex. Code Crim.Proc.Ann. art. 44.-01(a)(3) (Vernon Supp.1990).

2. In violation of Tex. Penal Code Ann. § 46.11(a)(2) (Vernon 1989).

him a light sentence. It was brought up. I can't remember exactly who said what and what was said."

After hearing arguments of counsel, the trial judge took the motion under advisement. On December 2, 1988, he signed an order granting appellee's motion for new trial on the specific ground that the jury engaged in misconduct, depriving appellee of a fair and impartial trial.

Appellant, by its single point of error, claims that the trial court abused its discretion in granting appellee's motion. We disagree, and affirm that order.

Specifically, appellant argues on appeal that Brown's entire testimony was inadmissible under Tex.R.Crim.Evid. 606(b).[3] Appellant also contends that there is no evidence that "the [jury] made an agreement as to punishment in order to get one or more jurors to change their vote." We do not agree with that contention. Brown's testimony clearly presents evidence sufficient to support the trial court's order.

■ Although appellant contends on appeal that Brown's testimony was inadmissible under Rule 606(b) and the dictum found in *Rose v. State*, 752 S.W.2d 529, 536 (Tex. Cr.App.1987), he made no such objection[4] to any part of Brown's testimony at trial. We conclude, therefore, that appellant has not preserved the error, if any, for review.

Although the testimony of appellant's witness, Pennington, in some respects contradicted Brown's testimony, the trial judge, as the trier of fact, chose to believe Brown's version of the events that occurred during the jury's deliberation at the guilt/innocence phase. Hence we conclude that the trial judge did not abuse his discretion in granting the motion for a new trial. *See Vorwerk v. State*, 735 S.W.2d 672, 674 (Tex.App.—Austin 1987, pet. ref'd). Appel-

lant's point of error is overruled, and the trial court's order is affirmed.

---

3. "(b) Inquiry Into Validity of Verdict or Indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify as to

any matter relevant to the validity of the verdict or indictment. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes." (Hereinafter called Rule 606(b)).

4. At trial appellant objected to defense counsel's pertinent questions as "leading."