Coleman v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-156-CR

        SAMUEL NAT COLEMAN,
Appellant
        v.

        THE STATE OF TEXAS,
Appellee
 

From the County Court
Freestone County, Texas
Trial Court # 15523
                                                                                                    

O P I N I O N
                                                                                                    

           A jury convicted Appellant of driving while intoxicated. The court sentenced him to
eighteen months in the county jail, probated for two years—conditioned upon ten days'
confinement in jail—a six-month license suspension also probated for two years, and a $2,000
fine. In addition to attacking the prosecutor's alleged injection of his personal opinion of the
arresting officers' credibility into evidence, Appellant complains that the court erroneously
excluded the affidavit and testimony of Melinda Lee, a juror, at the hearing on the motion for new
trial, because both were relevant to the validity of the verdict. Appellant further alleges that the
court erred in refusing to grant a new trial because the excluded evidence, juror Lee's affidavit
and testimony, showed that the verdict had been decided in a manner other than by a fair and
impartial vote. See Tex. R. App. P. 30(b)(3). At trial, the evidence was conflicting concerning
Appellant's intoxication on the night in question.
          Appellant complains in point two that the court abused its discretion in excluding, at the
hearing on his motion for new trial, the testimony of one of the jurors because the testimony was
relevant to the validity of the verdict. In point three, Appellant further asserts that the court erred
in failing to grant a new trial because the excluded evidence showed that the verdict had been
decided in a manner other than by a fair expression of opinion by the jurors.
          Appellant alleged in his motion for new trial that one juror would not have voted to convict
Appellant had she understood that the jury would not be assessing punishment. She testified at
the hearing on the motion for a new trial, and in bill of exception, but the court refused to consider
either her testimony or her affidavit in ruling on the motion. The State objected to the admission
of her affidavit and her testimony on the ground that Appellant was attempting to inquire into and
develop the thought processes of the juror in contravention of Rule 606(b) of the Rules of Criminal
Evidence. See Tex. R. Crim. Evid. 606(b). Her affidavit, which was attached to and incorporated
in the motion for new trial, read as follows:
          As a juror on the DWI trial for Nat Coleman, I truly believed that I would
be able to influence a light sentence when I voted guilty. It was my understanding
that after the verdict, if guilty, that we would go back and set the sentence.
 
There was some doubt in my mind as to whether of not he was actually
intoxicated! With the understanding that I would be able to influence the
sentencing, I, after some time, voted guilty.
 
I do honestly believe that his sentencing was unfair for this first time
offender. This was what I was hoping to avoid.
The record shows that during voir dire, the prosecutor referred more than once to the punishment
phase stating that the jury would listen to the evidence at that stage of the trial before assessing
a sentence. 
          According to Lee's testimony, which is before this court in the bill of exception, when she
and the other jurors left the courtroom to determine guilt or innocence, she was under the
impression that the jury would be assessing punishment. She recollected that the judge had so
instructed. She stated that the jurors discussed during their deliberations the fact that they would
be deciding punishment. Lee continued to vote "not guilty" and stated to the other jurors that she
did not want to ruin Appellant's life. After five or six votes in which she persisted in voting "not
guilty," she testified that another juror spoke up and reassured her: "Don't worry about it. We
do not want to ruin his life, either. We will worry about that at the sentencing." Lee testified and
her affidavit reflects that she did not believe Appellant was guilty or that the State had proved his
guilt beyond a reasonable doubt. She finally changed her vote to guilty, because other jurors
agreed that they would consider a lesser sentence.
          At the time the jury was polled on their guilty verdict, Lee remained under the impression
that the jury would be setting the sentence. However, the jury was then discharged, at which point
she became very upset. 
          Rule 606(b) of the Texas Rules of Criminal Evidence provides:
b) Inquiry into Validity of Verdict or Indictment. Upon an inquiry into the validity
of a verdict or indictment, a juror may not testify as to any matter or statement occurring
during the course of the jury's deliberations or the effect of anything upon his or any other
juror's mind or emotions as influencing him to assent or dissent from the verdict or
indictment or concerning his mental processes in connection therewith, except that a juror
may testify as to any matter relevant to the validity of the verdict or indictment. Nor may
his affidavit or evidence of any statement by him concerning a matter about which he
would be precluded from testifying be received for these purposes.

See Tex. R. Crim. Evid. 606(b) (emphasis added).
 
           The Court of Criminal Appeals has recently examined Rule 606(b), recognizing the
contradictory language of the rule. See Buentello v. State, 826 S.W.2d 610 (Tex. Crim. App.
March 4, 1992). The Court acknowledged that the prior case law limited the application of the
rule to "overt acts" of jury misconduct, thus preventing the development of evidence concerning
the jurors' thought patterns. However, the Court stated:
 
The plain language of the Texas rule indicates that jurors are not immune from testifying
at a hearing on a motion for new trial. In fact, a juror may testify about `any matter,' as
long as it is `relevant to the validity of the verdict.' `Any matter' is a broad, all-encompassing term, therefore, the trial judge is unquestionably granted more discretion
under the Rule to decide whether the testimony sought to be elicited at a hearing on a
motion for new trial is relevant to the validity of the verdict. As long as the trial court
operates within the boundaries of its discretion, an appellate court should not disturb its
decision absent a clear abuse. See Montgomery v. State, 810 S.W.2d 372, 390 (Tex.
Crim. App. 1991 (opinion on rehearing)).

Id. at 613.
          According to Buentello, the test for admitting juror testimony at a hearing on a motion for
new trial is whether the testimony "is deemed by the trial court to be relevant to the validity of the
verdict." Id. at 614. The Court explained that what is considered `relevant' must be determined
on a case-by-case basis, taking into account the court's experiences and observations, the grounds
for a new trial set forth in Rule 30(b) of the Texas Rules of Appellate Procedure, and the case law
which was developed under the predecessor to Rule 30(b), article 40.03 of the Code of Criminal
Procedure. Id.
          A new trial "shall" be granted an accused "[w]here the verdict has been decided by lot or
in any other manner than by a fair expression of opinion by the jurors." Tex. R. App. P.
30(b)(3). Cases under both Rule 30(b)(3) and its predecessor indicate that juror Lee's testimony
was not only relevant and admissible but described acts that constituted "misconduct" that deprived
Appellant of a fair and impartial trial. See e.g., Vorwerk v. State, 735 S.W.2d 672, 673-74 (Tex.
App.—Austin 1987, pet. ref'd)


; Tex. R. App. P. 30(b)(3). The record reflects that juror Lee
truly believed that Appellant was not guilty and that the State had failed to prove his guilt beyond
a reasonable doubt. Nevertheless, after voting "not guilty" five or six times, she changed her vote
to guilty in exchange for representations by other jurors that she could influence a lighter sentence.
"I finally went ahead and voted guilty thinking that I would help set the sentence."
          The jury did not restrict itself in its deliberations to the evidence adduced at trial on the
guilt or innocence of the Appellant. See Vorwerk, at 674. Because it is permissible to impeach
a verdict by juror testimony "relevant to the validity of the verdict," the court should have
admitted Lee's testimony that demonstrated that the verdict was decided by a manner other than
fair expression of opinion by the jurors. See Buentello, at 613-14; Tex. R. App. P. 30(b)(3). In
failing to admit the testimony, and in denying the motion for a new trial, the court abused its
discretion. See Owens v. State, 831 S.W.2d 109, 111 (Tex. App.—Dallas 1992, no pet.); Kiser
v. State, 788 S.W.2d 909, 914 (Tex. App.— Dallas 1990, pet. ref'd). Points two and three are
sustained. 
          Because points two and three are dispositive of this appeal, we dispense with a discussion
of point one other than to observe that a prosecutor's personal opinion about the credibility of a
witness is not proper jury argument. See e.g., Vasquez v. State, 819 S.W.2d 932, 936 (Tex.
App.—Corpus Christi 1991, pet. ref'd).
          The judgment is reversed and the cause remanded for a new trial.            
 
                                                                                 PER CURIAM

Before Justice Cummings and
          Justice Vance
          (Chief Justice Thomas not participating)
Reversed and remanded
Opinion delivered and filed December 9, 1992
Do not publish