IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-214-CR 





ANTONIO ALVARADO,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY



NO. 31,858-2, HONORABLE ROBERT F. B. MORSE, JUDGE PRESIDING



 





 A jury convicted appellant of the offense of driving a motor vehicle in a public
place while intoxicated, and acquitted him of a charge of carrying a prohibited weapon. Appellant
presents four points of error. We will affirm the judgment of his conviction for driving while
intoxicated.

 In his first point of error, appellant urges that the trial court erred in admitting in
evidence that portion of the audio part of a videotape in which appellant invoked his constitutional
right to counsel. The State responds that appellant did not preserve the claimed error for review. 
Tex. R. App. P. 52(a). The State also says that appellant's point of error on appeal does not
comport with his trial objection. The State argues that appellant's trial objection was to the entire
videotape, both the video and audio parts.

 To preserve error for review, when a party objects to the admission of evidence,
a part of which is not admissible and a part of which is admissible, the party objecting must
designate and separate the inadmissible part from the admissible part, as well as state sufficient
grounds for not admitting the inadmissible part of the evidence. This rule has been applied and
followed in many cases. See, e.g., Hernandez v. State, 599 S.W.2d 614, 617 (Tex. Crim. App.
1980) (on State's motion for rehearing); Beltran v. State, 728 S.W.2d 382, 387 (Tex. Crim. App.
1978); Brown v. State, 692 S.W.2d 497, 501 (Tex. Crim. App. 1985); Gilbert v. State, 840
S.W.2d 138, 145 (Tex. App.--Houston [1st Dist.] 1992, no pet.). Also, to show reversible error
on appeal, the point of error must comport with the objection voiced at trial. Rezac v. State, 782
S.W.2d 869 (Tex. Crim. App. 1990); Fuller v. State, 827 S.W.2d 919 (Tex. Crim. App. 1992);
Thomas v. State, 732 S.W.2d 696, 700 (Tex. Crim. App. 1986); Sandow v. State, 787 S.W.2d
588, 596 (Tex. App.--Austin 1990, pet. ref'd).

 The issue here is not whether the appellant stated sufficient grounds in support of
his objection and whether these grounds were understood by the court and the State. The grounds
stated were sufficient. See Hernandez, 599 S.W.2d at 617; Zillandar v. State, 557 S.W.2d 515
(Tex. Crim. App. 1977). The issue here is whether appellant's trial objection was to the
admission of the entire tape, both the visual and audio parts, or as he argues on appeal, was it
made only to that portion of the audio part of the tape in which appellant invoked his right to
counsel. See Hernandez, 557 S.W.2d at 617.

 During the trial, the tape's admissibility was considered on three occasions before
it was admitted in evidence. After the jury had been excused on the first day of trial, the trial
judge addressed the appellant's counsel and indicated that he should proceed. Appellant's counsel
replied:



Your Honor, my objection to the videotape is that I would request the court to
view that particular tape prior to the jury seeing it, in that my understanding after
reviewing that particular video that almost immediately after the videotape was
turned on the defendant invokes his Fifth Amendment and his Sixth Amendment
Right to an attorney and request that this interview be terminated.


And I'm objecting to the admissibility of that particular document [sic], in that it's
in violation of defendant's Fifth and Sixth Amendment Right to counsel and right
to remain silent, as well as a violation of Article 38.33 and 38.32 of the Texas
Code of Criminal Procedure and the Texas Constitution, I believe, Article 10.



 The State argued:



Your Honor, if the defendant invokes his right to counsel on the video, it does not
make the video itself inadmissible, although it may make the audio portion subject
to a muting or a turning off at that point; however, the videotape does not contain
any custodial interrogation.


. . . .


That video, we would request, be reviewed by the court before any rulings are
made as to its admissibility or what portions of it may be admissible in the way of
sound.


It is the State's position that the entire video portion is admissible as a portrayal of
the events at that time, that parts of the audio portion may be subject to
inadmissibility or subject to being turned off but that the entire video portion is
admissible under recent case law.



 The court adjourned for the day. The next morning out of the presence of the jury
the trial judge addressed defense counsel:



I believe you had an objection to the admission of the video; is that correct, sir?


[DEFENSE COUNSEL]:  Yes, sir, I believe I probably stated on the record,
already, as we left yesterday that my objection is that my understanding of the
video is that the defendant has -- had invoked his right to have counsel and invoked
his Fifth and Sixth Amendment right to counsel being present during any
interrogation, as well as he repeatedly, despite this officer's continued -- I won't
describe it as harassment -- invokes his right to terminate this interview, and at that
point in time, I'm objecting to the oral, as well as the video portions of the
particular video be suppressed.


. . . .


THE COURT:  Mr. [Defense Counsel].


[DEFENSE COUNSEL]:  Judge, again, I reurge my objection to the playing of
this particular video to the jury, in that it violates the defendant's Fifth and Sixth
Amendment Rights to the United States Constitution, in that he was denied his
right to an attorney prior to any questioning and being interviewed and
interrogated, as well as it violates his right to remain silent.


He requested on many occasions to terminate this particular interview, and this
whole scenario is nothing but trying to ask him questions. There's not been any
evidence to allow this officer to help fill out his offense report. There's not been
any suggestions of proper booking procedures and I don't think qualifies this such
as the case that has been submitted to you.


My account is that there was at least 19 times that he asked for an attorney and at
least six occasions he asked to terminate that particular interview, and it's a
violation, again, of his Fifth and Sixth Amendments Rights to the United States
Constitution, as well as 38.22 and 38.23 in the Code of Criminal -- Texas Code
of Criminal Procedure and Article 10 of the Texas Constitution.



 The State again argued its position. The trial judge said he would review the
authorities presented to him, but in the meantime would hear testimony from one of the witnesses. 
After the witness testified, there was a discussion at the bench out of hearing of the jury. The trial
judge said:



MR. [DEFENSE COUNSEL], I believe you have an objection made as to the
admission of the video?


[DEFENSE COUNSEL]: Yes, Your Honor.


THE COURT: Sir, the Court is going to overrule your objection and allow the
video to be admitted, both audio and the video portions.


[DEFENSE COUNSEL]: And that's an objection that I made prior to this witness
coming on. With the understanding that the jury is present, I don't want to sit here
and --


. . . .


[DEFENSE COUNSEL]: I just want to make sure that I've clarified that I'm not
making a general objection and that my objection is the same as when the jury was
excused, in that that violates his Fifth and Sixth Amendment right to an attorney
of the United States Constitution and is in violation. 


THE COURT: Do you want to restate your objection, then, just for the record? 
I think it's on the record but certainly you can restate it if you want to put it on the
record.


[DEFENSE COUNSEL]: And in violation of 38.22 and 38.23 of the Texas Code
of Criminal Procedure and Article 10 of the Texas Constitution.


THE COURT: I think it's on the record, and I want to make sure and put it on the
record.


PROSECUTOR: Your Honor, if I might inquire if the ruling on the entire
admissibility of the videotape is based at all on the representations by [Defense
Counsel] that if the videotape -- representations in chambers that if the video
portion was admissible, he would not -- he would want the entire tape admitted?


[DEFENSE COUNSEL]: That's not what I'm agreeing to. I certainly want the
Court to make its rulings based on those rulings.


THE COURT: I've overruled the objection, and I'm going to admit both the audio
and video portion of the videotape no matter what he agreed to in chambers.


 The Proceeding then continued in the presence of the jury.



THE COURT: All right. [Counsel], do you want to restate that?


[DEFENSE COUNSEL]: I apologize. I thought I was just doing it.


THE COURT: That's fine.


[DEFENSE COUNSEL]: With the understanding I'll have the same objection as
I had outside of the presence of the jury pertaining to this videotape, that's fine.


THE COURT: Your objection is overruled. The videotape will be admitted, both
audio and video portions.



 Appellant argues that the State conceded in argument before the trial court that a
portion of the audio part of the tape was inadmissible and that the court should excise those
portions. This is correct. The prosecutor in her argument before the trial court correctly stated
the applicable law. See Hardie v. State, 807 S.W.2d 319 (Tex. Crim. App. 1991).

 At the time of trial, appellant did not agree with the State on the admissibility of
the tape. Instead of leveling his objection at the inadmissible portion of the audio part of the tape,
appellant continued to object to the admission of the tape in its entirety. "I'm objecting to the
admissibility of that particular document [tape]. . . . I'm objecting to the oral as well as the video
portions of the particular video. . . . I reurge my objection to the playing of this particular video
to the jury." The trial court gave appellant several opportunities to make and to restate his
objections and to segregate that part of the evidence that was inadmissible.

 If the appellant had separated the inadmissible from the admissible part of the
evidence, quite likely he would have received a favorable ruling from the trial court. 
Furthermore, in view of the State's trial argument, quite likely the State would not have objected
to the trial court excising the portion of the audio part of the tape in which appellant invoked his
right to counsel.

 If appellant's trial objections were as precise and clear as his point of error on
appeal, the alleged error would have been preserved for appeal. Both at trial and on appeal, the
appellant cited and relied on Hardie v. State, 807 S.W.2d 319. The opinion in that case illustrates
proper presentation of error for review:


Appellant objected by way of written motion to introduction of the audio portion
of the videotape on the basis of the appellant's rights under the Fifth, Sixth and
Fourteenth Amendments to the United States Constitution, Article 1, Secs. 10 and
19 of the Texas Constitution, and Article 38.23, V.A.C.C.P. He also objected by
way of written motion that "it is improper to inform a jury of the [appellant's]
exercise of his constitutional rights." In support of this motion, he cited Rezac v.
State 722 S.W.2d 32 (Tex. App.--Dallas 1986), rev'd on other grounds, 782
S.W.2d 869 (Tex. Cr. App. 1990), which held it is reversible error to admit the
audio portion of a DWI videotape in which the defendant repeatedly requested an
attorney, and Gathright v. State, 698 S.W.2d 260 (Tex. App.--Ft. Worth 1985),
which held it is reversible error to admit a DWI videotape in which the defendant
exercised his right to remain silent.


Appellant reurged his objections at the time the videotape was offered into
evidence by the State, again calling the court's attention to his motions and the
cases cited therein. The trial court overruled his objections and allowed both the
audio and video portions of the tape to be played before the jury. The court of
appeals held that admission of the audio portion of the videotape impermissibly
penalized appellant for exercising his state and federally guaranteed privilege
against self-incrimination. 



Id. at 320, 321. Although it is an excellent practice for trial counsel to make a timely objection
in writing, as trial counsel did in Hardie, we do not suggest that a proper and timely oral
objection would not preserve error for review. Appellant's trial objection was insufficient to
preserve for review his alleged error. See Rezac v. State, 782 S.W.2d 869 (Tex. Crim. App.
1990). Point of error one is overruled.

 Appellant insists that the trial court erred in refusing to grant his motion for new
trial in which he urged that the jury had reached a compromise verdict constituting jury
misconduct. A motion for new trial alleging jury misconduct must be supported by affidavit of
a juror or other person in a position to know the facts. See, e.g., Garza v. State, 622 S.W.2d 85,
91 (Tex. Crim. App. 1981) (State's motion for rehearing); Dugard v. State, 688 S.W.2d 524
(Tex. Crim. App. 1985); Bearden v. State, 648 S.W.2d 688 (Tex. Crim. App. 1983). A trial
court need not allow jurors to testify on a motion for new trial if the motion is not supported by
affidavit. See Garza, 622 S.W.2d at 91.

 Appellant's motion for new trial was not supported by affidavit. Except for
appellant's bill of exception, the trial judge did not allow appellant to call jurors as witnesses to
inquire about possible jury misconduct. The motion for new trial was denied.

 Appellant relies on Vorwerk v. State, 735 S.W.2d 672 (Tex. App.--Austin 1987,
pet ref'd), but in that case the jury misconduct alleged in the motion for new trial was supported
by two jurors' affidavits. Id. at 673. Appellant also cites Garza v. State, 695 S.W.2d 58 (Tex.
App.--Corpus Christi 1985, no pet.), but in that case the complaint of jury misconduct asserted in
the motion for new trial was supported by one juror's affidavit. Id. at 58.

 The trial court did not err in refusing to allow the jurors to testify on the motion
for new trial since the motion was not supported by affidavit. The trial court did not err in
denying appellant's motion for new trial. Point of error two is overruled.

 Since the State destroyed a tape recording that allegedly contained exculpatory
evidence, the appellant urges a due process violation. U.S. Const. amend. XIV. On June 1,
1991, a Department of Public Safety dispatcher received a telephone call reporting an intoxicated
driver in a red Porsche on Farm-to-Market Road 195. The telephone call was recorded by the
dispatcher. Soon after the call was received, appellant was arrested driving a red Porsche. The
Department of Public Safety records incoming messages, but in the normal course of its
operations, after thirty days, these tapes are reused by "taping over" and the prior recorded
messages are lost.

 The issue presented is whether there was a duty to preserve the recorded message. 
The duty to preserve evidence is limited to evidence that possesses an exculpatory value that was
apparent before the evidence was destroyed. California v. Trombetta, 467 U.S. 479, 488 (1984). 
A defendant must show bad faith by law enforcement officers to establish that failure to preserve
potentially useful evidence constitutes a denial of due process. Arizona v. Youngblood, 488 U.S.
51, 58 (1988). A defendant must show that the lost evidence was exculpatory, i.e., material and
favorable. United States v. Valenzuela-Bernal, 458 U.S. 858, 873 (1982).

 Appellant argues that he made a timely specific request for discovery of all
exculpatory material before trial. He argues that he has established bad faith since the State,
instead of releasing the tape to him, destroyed it. As a result, appellant says he was deprived of
the opportunity to interview potentially exculpatory witnesses.

 The tape recording was made June 1, 1991, and in the normal course of operations
was destroyed after thirty days. The appellant filed motions for disclosure of relevant evidence
and for discovery on July 12, 1991. These motions made general "catch all" requests. They
made no specific request for any tape or tape recorded message. Appellant does not state in his
brief when these motions were heard by the court. Although not entirely clear, it appears from
the record the motions were presented and heard April 6, 1992.

 A defendant's exhibit in the record puts the State on notice that telephone and radio
communication made on June 6, 1991, between the Williamson County Sheriff's Department, the
Department of Public Safety, and other third parties are believed to be exculpatory and necessary
for the appellant to cross-examine the State's witnesses. This exhibit is a letter from appellant's
counsel to the County Attorney. It is dated January 21, 1992.

 Appellant did not put the State on notice that he wanted the tape until long after it
was destroyed in the normal course of operations. Appellant has utterly failed to show that the
tape possessed an exculpatory value that was apparent before it was destroyed by the Department
of Public Safety in its normal course of operations. See State v. Morales, 844 S.W.2d 885, 890
(Tex. App.--Austin 1992, no pet.); Barre v. State, 826 S.W.2d 722 (Tex. App.--Houston [14th
Dist.] 1992, pet. ref'd). Moreover, appellant has utterly failed to show the Department of Public
Safety destroyed the taped message in bad faith. See Davis v. State, 831 S.W.2d 426 (Tex.
App.--Austin 1992, pet. ref'd). Furthermore, appellant has failed to show that the taped message
was exculpatory, i.e., material and favorable. Barre, 826 S.W.2d at 724. Appellant's third point
of error is overruled.

 Appellant's fourth point of error, which he briefed in conjunction with his third
point of error, asserts that the trial court erred in failing to grant him a continuance. The motion
was filed on April 2, 1992, and was heard and denied on April 6, 1992. The request for
continuance was based on the State's failure to furnish the tape-recorded message to appellant. 
Without other argument, appellant in his brief merely cites pages in the transcript in which we
find his motion for continuance and motion for dismissal of the charges because of the destruction
of the alleged exculpatory evidence. No argument is made other than that which is made in
support of point of error number three. In view of our discussion and disposition of appellant's
point of error three, we overrule his fourth point of error.

 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Powers, Kidd and Dally*

Affirmed

Filed: March 9, 1994

Do Not Publish

















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).