

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00290-CR

NATHAN THOMAS DANIEL                                         APPELLANT

V.

THE STATE OF TEXAS                                               STATE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CR14-0063

----------

## MEMORANDUM OPINION[1]

----------

Appellant brings a single issue challenging the trial court's denial of his motion to suppress evidence seized as a result of an officer's inventory search of his car pursuant to an impoundment. Appellant does not challenge the officer's credibility or any of the facts adduced at the suppression hearing; instead, he

---

[1]*See* Tex. R. App. P. 47.4.

contends that the law does not allow an inventory search of an impounded vehicle unless the driver has first been validly placed under arrest. We affirm.

## Background

Springtown police officer Shawn Owens stopped appellant after observing appellant commit several traffic violations. Appellant showed Officer Owens an expired insurance card, and his car's registration had expired. Officer Owens decided to impound the car and perform an inventory search. As a result of the inventory search, Officer Owens found a baggy containing methamphetamine residue on the floor of the car and a syringe containing methamphetamine in a backpack in the trunk of the car;[2] he arrested appellant upon finding the syringe.

## Analysis

In the motion to suppress context, we review a trial court's decision on application-of-law-to-fact questions that do not turn on credibility and demeanor de novo. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). Appellant's sole argument on appeal—which comports with his argument before the trial court—is that

> *[a]n Appellant must be under arrest to have his vehicle inventoried.* This ensures that the degree of probable cause necessary to inventory (i.e. search) the vehicle has been met. By failing or refusing to place Appellant under arrest *before* the inventory, it amounted to an unlawful search that yielded further evidence beyond the scope of the initial stop and purpose of

---

[2]Appellant did not and has not challenged the scope of the inventory search. Instead, he contends that the inventory search, being improper, was beyond the scope of the initial stop.

2

citations for vehicle license and insurance. This was precisely what the second prong of *Terry v. Ohio* is designed to prevent.

[Emphasis added.] Thus, appellant contends that an officer cannot perform an inventory search of an impounded vehicle without first placing the occupant of the vehicle under arrest.

In *Roberts v. State*, this court held that an inventory search pursuant to an impoundment was legal under the totality of the circumstances, not because the driver had been arrested before the search, but because the search was an inventory search pursuant to a reasonable impoundment of the vehicle. 444 S.W.3d 770, 777–780 (Tex. App.—Fort Worth 2014, pet. ref'd); *see South Dakota v. Opperman*, 428 U.S. 364, 365–66, 376, 96 S. Ct. 3092, 3095, 3100 (1976) (holding reasonable inventory search of vehicle towed for parking violation with no owner or driver present). The court of criminal appeals has held that "*[o]ne* of the instances in which an automobile may be validly impounded and inventoried is where the driver is removed from his automobile and placed under custodial arrest and no other alternatives are available other than impoundment to insure the protection of the vehicle." *Delgado v. State*, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986) (emphasis added). But appellant has not cited, nor have we found, any cases holding that the only way an officer may legally impound and inventory a vehicle is when the officer has first arrested the vehicle's occupant. *See Benavides v. State*, 600 S.W.2d 809, 811 (Tex. Crim. App. [Panel Op.] 1980) (noting several circumstances other than arrest of a vehicle occupant

3

in which police may lawfully impound vehicles, including if the police have a reasonable belief that the vehicle is stolen, if the vehicle is abandoned or a hazard, or if a statute authorizes impoundment under the circumstances); *cf. Daniels v. State*, 600 S.W.2d 813, 815 (Tex. Crim. App. [Panel Op.]1980) (noting that even if arrest of occupants of vehicle before inventory search had been pretextual, none of them had valid licenses and, thus, officer could not have let any of them drive vehicle away).

For an impoundment of a vehicle to be lawful, it must be reasonable under the Fourth Amendment. *Benavides*, 600 at 811; *Roberts*, 444 S.W.3d at 774. A subsequent inventory search is proper when the vehicle's impoundment is proper. *Benavides*, 600 S.W.2d at 810; *Roberts*, 444 S.W.3d at 774.

Officer Owens saw a large propane torch, Q-tips, razor blades, and cotton balls in plain view when he approached the vehicle after stopping it—and he believed those items to be drug paraphernalia used to make methamphetamine. Nevertheless, on cross-examination Officer Owens agreed with appellant's counsel's assertion that Officer Owens did not believe he had probable cause to search the car based on those observations.[3] Appellant admitted in response to Officer Owens's questioning before the search that if Officer Owens had stopped him the day or two before, he might have had methamphetamine in the car. Officer Owens thought he had probable cause based on appellant's admission,

---

[3]Later, Officer Owens did state that he thought he had reasonable suspicion to investigate.

4

coupled with his observation of the items in plain view, but he decided not to arrest appellant at that time. Instead, he asked appellant to get out of the car; searched appellant for weapons; talked to appellant while the dispatcher ran computer searches for warrants, proof of financial responsibility, and driver's license validity; and issued citations to appellant for the expired insurance and registration and at least one of the observed traffic violations. After issuing the citations, Officer Owens began filling out a report listing the car's inventory for impoundment purposes.

Appellant could not legally drive the vehicle because he did not have proof of financial responsibility, i.e., current insurance, and because the vehicle's registration had expired. *See* Tex. Transp. Code Ann. §§ 502.040–.041, .471– .472, 601.051(1), .053, .191 (West 2013 & Supp. 2014); *Roberts*, 444 S.W.3d at 777. Officer Owens testified that the Springtown police department's policy allowed officers to impound vehicles when a driver could not show proof of financial responsibility and that he should not allow a vehicle without valid insurance and registration on the streets without a "very good reason," such as in an emergency situation, which he did not think applied here.

Based on the foregoing, we conclude and hold that the trial court did not err by determining that Officer Owens's inventory search of the car was conducted pursuant to a reasonable impoundment considering the totality of the circumstances. *See Roberts*, 444 S.W.3d at 777.

5

## Conclusion

We overrule appellant's sole issue and affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DAUPHINOT, J., filed a concurring opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 23, 2015