Lee Goree PEAVY, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–82–004CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 27, 1983.

Ken McLean, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and ROBERTSON, JJ.

JUNELL, Justice.

This is an appeal from a conviction for murder, wherein a jury found appellant Lee Goree Peavy guilty, and the Court assessed punishment at twelve years in the Texas Department of Corrections. We affirm.

On April 4, 1981, appellant shot and killed Jonathan Cole with a 30–30 rifle. Appellant was indicted for murder and tried by a jury, who found him guilty as charged. Appellant chose to have the Court assess punishment. When the Judge discharged the jury at the conclusion of the determination of guilt, several of the jurors declared they had assumed they would have the opportunity to assess punishment. After one of the jurors suggested that this erroneous belief might have influenced his decision on guilt, the trial court and the attorneys for both sides examined each juror on that question. Satisfied that the integrity of the jury's verdict had not been undermined, the trial court assessed punishment at imprisonment for twelve years in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged by appellant. Trial counsel for appellant was H.K. Wrenn, and appellate counsel is Ken McLean.

In his first four grounds of error, appellant contends he was denied a fair and impartial trial on the issue of guilt because four of the jurors were influenced to find appellant guilty by reason of their mistaken belief that the jury would assess punishment and could be lenient in doing so. Appellant argues that a verdict so reached is not a "fair expression of opinion by the jurors" as required by Tex.Code Crim.Pro. Ann. art. 40.03(3), but is a compromise verdict based on jury misconduct that requires a new trial. All twelve jurors testified concerning these matters. Each of them stated that all of the jurors were under the mistaken belief that the jury would assess punishment. Most of the jurors stated that they were not influenced to find appellant guilty by reason of such mistaken belief.

One juror (Mr. Wright) said such mistaken belief had some weight in his decision to find appellant guilty, and there was discussion to the effect that the jury could be lenient in assessing punishment. Another juror (Mrs. Romero) was the last one to vote for a "guilty" verdict, and she agreed only after the discussion among the jurors concerning their being lenient in assessing punishment. She concluded by saying she found appellant guilty based on the assumption that the jury would decide the punishment. A third juror (Mrs. Howard) said she was not influenced to find appellant guilty because she thought the jury could be lenient in fixing punishment and she added that the jurors reminded each other that the decision on guilt had to be independent of the matter of punishment. Mrs. Jones, the fourth juror whose verdict is claimed to be tainted, testified that her decision to find appellant guilty was based in part on her understanding that the jury would assess punishment and could be lenient.

In *Arnold v. State,* 486 S.W.2d 345 (Tex.Cr.App.1972), the Court, in affirming a conviction for the offense of seriously threatening life, held that a juror should not be permitted to impeach his verdict by testimony that he would not have found the defendant guilty had he known that the court and not the jury would assess the punishment. The Court held that the trial court should have declined to hear the testimony in support of such allegation. Jurors should not be permitted to impeach or stultify the verdict which they have returned by giving their reasons for agreeing thereto. *Boone v. State,* 156 Tex.Cr.R. 327, 242 S.W.2d 380 (1951). Appellant's first four grounds of error are overruled.

In his fifth ground of error, appellant alleges that he was denied the effective assistance of counsel when his attorney at trial failed to move for a mistrial, although requested by the Court to do so after all twelve jurors had testified. The record does not show that the trial court requested appellant's counsel to make a motion for mistrial. The Court stated that if appel-

lant's counsel wanted the Court to do anything about the matters covered by the jurors' testimony, he would have to make a motion for new trial. Appellant's counsel then made a motion that the assessment of punishment be placed back in the hands of the jury. The Court overruled that motion and proceeded to conduct the punishment phase of the trial. Later, appellant's counsel timely filed and presented a motion for new trial, which was heard and overruled by the Court. The motion for new trial presented only the ground that the judgment of the Court was contrary to the law and the evidence and did not specifically request a new trial based on the matters covered in the jurors' testimony.

The tests concerning effective assistance of counsel are set forth in *Ewing v. State,* 549 S.W.2d 392 (Tex.Cr.App.1977), where the Court stated:

> ... the sufficiency of an attorney's assistance must be gauged by the totality of the representation of the accused. *Ex parte Prior* [ (Tex.Cr.App.), 540 S.W.2d 723], supra. In our system of criminal justice an individual is entitled to fair but not a perfect trial. Isolated failures to object to certain procedural mistakes or improper evidence do not constitute a breach of legal duty by an accused's attorney.
>
> ... we are not in a position to "second guess", through appellate hindsight, the strategy adopted by counsel at trial. *Faz v. State* [ (Tex.Cr.App.), 510 S.W.2d 922], supra. Trial lawyers occupy the realm of the here and now; they do not possess the luxury of a record to review, nor are they given time to formulate solutions to complex procedural or evidentiary issues in the midst of trial. The fact that another attorney may have pursued a different tactical course of trial is insufficient to support a finding of ineffective assistance of counsel.

Since the verdict could not be impeached by the jurors' testimony, as we have held above, the deliberate action of counsel not to move for a mistrial or to include in his motion for new trial the matters about which the jurors testified was not ineffective assistance of counsel. Appellant's fifth ground of error is overruled.

The judgment of the trial court is affirmed.