**Ismael ESCARCEGA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 770–86.**

Court of Criminal Appeals of Texas, En Banc.

April 5, 1989.

Fernando Chacon, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Robert Dinsmoor, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

---

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

On March 19, 1985, appellant was convicted by a jury for the offense of aggravated sexual assault. Punishment was assessed at ten years' in the Texas Department of Corrections. The jury, however, recommended that imposition of sentence be suspended and appellant be placed on adult probation for the same period.

On appeal, the El Paso Court of Appeals reversed appellant's conviction. The court found the jurors at appellant's trial disregarded instructions given them by the judge regarding the restriction of considering only guilt or innocence at the initial trial phase. The court found the jury had

engaged in misconduct when several members voted guilty on the pretext that appellant would receive probation. *Escarcega v. State,* 711 S.W.2d 400 (Tex.App.–El Paso 1986).

We granted the State's petition for discretionary review to examine the holding of the lower court. After careful review of the briefs of the respective parties and the opinion of the court below, we have determined that the State's petition for discretionary review was improvidently granted.

The State's petition for discretionary review is, therefore, ordered dismissed.

TEAGUE, Judge, dissenting.

This Court granted the State's petition for discretionary review in order to make the determination whether the El Paso Court of Appeals in *Escarcega v. State,* 711 S.W.2d 400 (Tex.App.–8th 1986), correctly reversed the trial court's judgment of conviction. The court of appeals held (1) that Ismael Escarcega, henceforth appellant, had the right to waive his personal appearance at the scheduled hearing on his motion for new trial, and (2) that it could take judicial notice of the facts contained in the record of appeal that pertained to appellant's co-defendants cases. In this regard, the record reflects that although appellant and his co-defendants were tried together and appealed their causes, the court of appeals did not see fit to consolidate their appeals. The basis for the court of appeals reversal was that it found that the jurors had bargained for a guilty verdict as to appellant by agreeing, and carrying into execution the agreement, that a finding of guilty would be conditioned upon appellant receiving probation. Pursuant to the agreement, the jurors found appellant guilty and thereafter voted to assess his punishment at ten years' confinement in the Department of Corrections with the recommendation that the trial judge probate the punishment, which recommendation the trial judge followed.

Today, a majority of this Court decides to put this Court's "improvidently granted" stamp to the State's petition for discretionary review. I respectfully dissent to this act for reasons that I will give.

Based upon the record that is before us, there is a very serious question whether the court of appeals had jurisdiction over appellant's appeal. Thus, the issue that should be addressed, or at least considered by this court, is whether the El Paso Court of Appeals had jurisdiction over appellant's appeal when it was before that court on direct appeal. It is axiomatic in our law that, before a court of appeals decides an appeal, it must first determine whether it has jurisdiction over that case. The opinion of the court of appeals in this cause does not reflect that it made that decision, and because the record seriously indicates that it did not have jurisdiction over appellant's appeal, my vote is to abate this cause to the court of appeals in order for that court to first make the determination whether it had jurisdiction over appellant's appeal.

It has long been established in our criminal jurisprudence that where the defendant is permitted to remain at large while his case is on appeal, as occurred in this cause, as a condition precedent to an appeal being properly perfected, in addition to giving proper and timely notice of appeal, which occurred in this cause, the record must show that the defendant posted or filed in the trial court a properly approved appeal bail bond. The latter requirement exists even where the defendant's sentence was probated and he appeals his conviction and probated sentence.

History teaches us that when this Court had jurisdiction over direct criminal appeals, time after time it held that a properly approved and filed appeal bail bond was essential in order to give this Court jurisdiction over the defendant's appeal. If the record reflected that the defendant was not incarcerated and also reflected that the defendant had not filed a properly approved appeal bail bond in the trial court, this Court would dismiss his appeal for lack of jurisdiction over the appeal. See the cases collated in 7 *Texas Digest,* under "Bail Key 63", and those collected in 26 *Tex.Jur.3rd* § 4196.

The record before us is clear that since appellant was released from jail, after having been placed on felony probation by the trial judge, and after having given timely notice of appeal, he never posted or filed in the trial court an approved appeal bail bond. Nor did the court of appeals ever order appellant released on bail, nor has this Court ever set bail pending the outcome of the State's petition for discretionary review. Therefore, under this Court's prior decisions, had appellant's cause been on direct appeal to this Court, it is clear that his appeal would have been dismissed by this Court for lack of jurisdiction.

The issue whether the court of appeals had jurisdiction over the appeal of this cause when this cause was before that court on direct appeal should not be confused with what this Court has stated in the past regarding its policy of how much or how little of a decision of the court of appeals it might review. In the latter instance, as a general rule, this Court will not review an issue unless and until the court of appeals has first reviewed the issue. See and compare Rule 202(a), Tex. R.App.Proc.; *Angel v. State,* 740 S.W.2d 727, 729 (Tex.Cr.App.1987); *Tallant v. State,* 742 S.W.2d 292, 295 (Tex.Cr.App. 1987); *Arline v. State,* 721 S.W.2d 348, 349, n. 9 (Tex.Cr.App.1987). Cf. *Jefferson v. State,* 751 S.W.2d 502 (Tex.Cr.App.1988), *Daniels v. State,* 754 S.W.2d 214 (Tex.Cr. App.1988); and *Howeth v. State,* 645 S.W. 2d 787 (Tex.Cr.App.1983), in which this Court reviewed issues that had not been first ruled upon by the courts of appeals.

Therefore, the question that should be addressed, or at least considered by this Court, is whether the court of appeals had jurisdiction over the appeal of this cause when it was before that court on direct appeal.

In *Anderson et al. v. Casebolt,* 493 S.W. 2d 509 (Tex.1973), the Supreme Court of Texas was confronted with a similar jurisdictional question. There, the plaintiffs sought review by the Supreme Court of an unfavorable decision by the then Court of Civil Appeals for the Second Supreme Judicial District of Texas, now the Second Court of Appeals of Texas. The issue whether the court of civil appeals had jurisdiction of the case was apparently not raised until the case reached the Supreme Court, when the Supreme Court apparently raised the issue on its own motion. The Supreme Court held that it did not have jurisdiction to consider the issue after finding that the court of civil appeals was without jurisdiction to entertain the appeal because the required cash deposit in lieu of a cost bond was not made within the thirty-day period as required by Rule 356, *Texas Rules of Civil Procedure,* which was then a necessary prerequisite to vesting a court of civil appeals with jurisdiction over a civil case. The Supreme Court reversed the judgment of the court of appeals and ordered the appeal dismissed.

Notwithstanding that, contrary to a civil appeal, a defendant in a criminal appeal need not post a cost bond, or in lieu thereof a cash deposit, I find that the Code of Criminal Procedure, see especially Chapter Forty–Four, at least implicitly, if not expressly, mandates that all persons who are at large and who appeal their cases must obtain and post or file in the trial court a properly approved appeal bail bond, if they had not previously filed in the trial court an approved bail bond and the trial judge ordered that that bond should remain in effect pending the final disposition of the appeal. I do not find where defendants who received probated sentences are exempt from the appeal bail bond requirement.

In this instance, although appellant was placed on adult probation, he had the right to appeal his conviction and probated sentence. However, before the El Paso Court of Appeals had jurisdiction over his appeal, it was necessary that the record show that he had filed in the trial court a properly approved appeal bail bond.

I, too, share Chief Justice Osborne's concern over this Court's remanding a case to his court, see the March 27, 1989, issue of *Texas Lawyer,* at page 10, where that court has already, either implicitly or expressly, decided an issue. I have consistently voted not to remand such a case to

any court of appeals. However, in this instance, I am compelled to vote to abate this cause to the El Paso Court of Appeals because there is a serious question whether that court had jurisdiction over appellant's direct appeal, and I believe that it would be in the best interest of the criminal jurisprudence of this State for that court, rather than this Court, to first decide the issue of whether it had jurisdiction over appellant's direct appeal.

Because this Court does not take the opportunity to either address or consider the issue, or abate this cause to the court of appeals for that court to decide the jurisdictional issue, and puts this Court's "improvidently granted" stamp to the State's petition for discretionary review, I am compelled to dissent.