NUMBER 13-03-656-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

ALBERTO MARTINEZ PEREZ,                                                       Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 36th District
Court of San Patricio County, Texas.

 

                        MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez

                            Memorandum
Opinion by Justice Yañez

 








A jury convicted appellant, Alberto Perez, of the
first-degree felony offense of burglary of a habitation.[1]  The trial court assessed his punishment at
twenty years= imprisonment and a $10,000.00 fine.  In a single issue, appellant contends the
trial court erred in denying his motion for new trial because jury misconduct
occurred.  We hold the trial court abused
its discretion in denying appellant=s motion for new trial because the uncontroverted
evidence establishes juror misconduct. 
Accordingly, we reverse the trial court=s
judgment and remand the cause for a new trial.

As this is a memorandum opinion and the parties are
familiar with the facts, we will not recite them here except as necessary to
advise the parties of the Court=s decision and the basic reasons for it.[2]

The record contains the trial court=s certification that this Ais not a plea-bargain case, and the defendant has
the right of appeal.@[3]

Background

On August 25, 2003, a jury was selected to hear
appellant=s case. 
During voir dire,  the trial court
mistakenly advised the jury panel that if found guilty, appellant had elected
to have the jury determine punishment. 
However, appellant had not elected to have the jury determine punishment.  Several hours into jury deliberations, the
jury sent a note to the court stating AHung! 7-5 not,@ apparently reflecting that the jury was unable to
reach a verdict.  The judge instructed
the jury to cease deliberations and return the next morning.  The following morning, the court read a
standard AAllen Charge@[4] to the jury and the jury returned a verdict of
guilty.

After the announcement of the verdict, the following
occurred:

[Court]: All right. Ladies and gentlemen, the
defense attorney has informed me that I was misinformed on Monday that I=ll be assessing punishment and you will not be. . .
. If you have any questions or thoughts feel free to come visit with me.  I don=t mind taking those.          

. . . . 

[Juror]: I do have a question.

 








[Court]: Okay.

 

[Juror]: I don=t know if this is the right time.

 

[Court]: Go ahead. 
If anybody wants to be excused, you may. 
I need to work on your excuses. 
If you want to hang around, it=s your choice.

 

[Juror]: We argued our point and came to a unanimous
decision based on knowing that we got to decide the punishment.

 

[Court]: That=s what I was afraid of.

 

[Juror]: Yes.

 

[Court]: That=s a big problem. 

 

On September 3, 2003, appellant filed a motion for
new trial alleging jury misconduct. 
Attached to the motion were sworn affidavits by appellant=s counsel and another attorney who was in the
courtroom at the time the jury returned its verdict.  The 
affidavit of appellant=s counsel states, in pertinent part:

Several of the jurors, including the foreman, then
informed the Court and both counsel that the jurors would never have arrived at
a unanimous verdict had the jury known that they would not determine
punishment.  The Court voir dired the
jury panel on punishment.  However, the
Defendant had not filed an election to have the jury determine punishment.  Therefore, the jurors believed they would
determine punishment.  The jury foreman
stated that the jury would have remained deadlocked had they known that the jury
would not determine punishment.  It was
also stated that the only reason a unanimous verdict was finally reached was
because the jurors discussed giving the Defendant a light punishment.

 

The affidavit of Robert Joseph, an attorney present
in the courtroom when the jury returned its verdict, stated, in pertinent part:

After the Court dismissed the jurors, several of the
jurors, including the foreman, informed the Court and both counsel that the
jurors would never had [sic] arrived at a unanimous verdict had the jury
known that they would not determine punishment. 
The jury foreman and another male juror stated that the jury would have
remained deadlocked had they known that the jury would not determine
punishment.  It was also stated that the
only reason a unanimous verdict was finally reached was because the jurors
discussed giving the Defendant a light punishment.








At the hearing on appellant=s motion for new trial, appellant offered both
affidavits into evidence.  The State
responded that it had Ano objection@ to admission of the affidavits.  The trial court asked the parties to submit
briefs on the issue and took the matter under advisement.  

Several weeks later, at the conclusion of appellant=s sentencing hearing, the trial court ruled on
appellant=s motion for new trial:

[Court]: I guess I=m just
going to just talk some things out to make sure I understand.  The rules were amended in, I think you told
me, [prosecutor].  I can=t recallC 

 

[Prosecutor]: 1998.

 

[Court]: In 1998. 
Thank you.  And at that particular
time, my understanding is the civil rules then adopted the criminal rules of
evidence.  I=m talking about the evidence rules.

 

[Prosecutor]: Right.

 

[Court]: And I believe that the cases you=ve been able to cite, [appellant=s counsel], are all pre->98; am I correct?

 

[Appellant=s counsel]: That=s
correct.

 

[Court]: So actually I think what happened is the
rule change of evidence trumps any of the particular issues that were raised in
this Court in this particular trial.  And
I reviewed both the cases, and based on the current state ofB Texas Rules of Evidence, you cannot impeach a jury
verdict no matter what type.  I=m going to overrule the motion for new trial
today.    

 

Standard of Review and Applicable Law

 








A trial court=s ruling denying a defendant=s motion for new trial is reviewed under an abuse of
discretion standard.[5]  Under this standard, we must Aafford almost total deference@ to the trial court's determination of the
historical  facts and of mixed questions
of law and fact that turn upon an evaluation of credibility and demeanor.[6]  Therefore, when the trial court confronts Aconflicting evidence on an issue of fact as to jury
misconduct,@ resolution of the conflict is for the trial court.[7]  On the other hand, the abuse of discretion
standard of review requires that we review questions of law, as well as mixed
questions of law and fact that do not turn upon an evaluation of credibility
and demeanor, de novo.[8]

An abuse of discretion occurs when the trial court's
decision is arbitrary or unreasonable.[9]  A trial court's decision to deny a motion for
new trial will be sustained if it is correct on any theory of law applicable to
the case.[10]

Texas Rule of Evidence 606(b), which governs
admissibility of juror testimony, provides:

Upon an inquiry into the validity of a verdict or
indictment, a juror may not testify as to any matter or statement occurring
during the jury's deliberations, or to the effect of anything on any juror's
mind or emotions or mental processes, as influencing any juror's assent to or
dissent from the verdict or indictment. 
Nor may a juror's affidavit or any statement by a juror concerning any
matter about which the juror would be precluded from testifying be admitted in
evidence for any of these purposes. 
However, a juror may testify: (1) whether any outside influence was
improperly brought to bear upon any juror; or (2) to rebut a claim that the
juror was not qualified to serve.[11]


 








Rule 606(b) became effective March 1, 1998, with the
adoption of the new, consolidated rules of evidence.[12]  The rule represents a significant departure
from previous Texas criminal practice.[13]  Former Criminal Rule 606(b) permitted jurors
to testify to anything relevant to the validity of a verdict or indictment.[14]  New rule 606(b) narrowly limits a juror=s ability to testify to two exceptions:  whether any outside influence was improperly
brought to bear upon a juror or to rebut a claim that a juror was not qualified
to serve.[15]  

Where no objection is raised, however, to the
admission into evidence of jurors= comments during deliberations as prohibited by rule
606(b), the applicability of rule 606(b) is not raised. [16]  Moreover, rule 606(b) does not preclude proof
of jury misconduct by other means, such as through the testimony of a nonjuror
with personal knowledge of the misconduct.[17]  








A defendant must be granted a new trial Awhen the verdict has been decided by lot or in any
manner other than a fair expression of the jurors=
opinion.@[18]  To demonstrate jury misconduct, the defendant must
show that (1) the misconduct occurred and (2) the misconduct resulted in harm
to the movant.[19]     

Analysis

 

Here, appellant=s counsel introduced her own and Joseph=s affidavits into evidence at the motion for new
trial hearing without objection from the State. 
Accordingly, we conclude that the applicability of rule 606(b) was not
raised before the trial court.[20]  Our 
review of the trial court=s comments, however, shows that the court apparently
based its decision to deny appellant=s motion on the applicability of rule 606(b).  Nonetheless, as noted above, we must sustain
the trial court=s ruling if it is correct on any theory applicable
to the case.[21]       








The State argues that the trial court did not err in
denying appellant=s motion Abecause there were no juror affidavits attached to the
Motion for New Trial and no evidence to believe there was any jury misconduct
that would have justified a Motion for New Trial.@  In support of its position that juror
affidavits were required, the State cites Bearden v. State, 648 S.W.2d
688, 690 (Tex. Crim. App. 1983).  We
disagree.  Bearden concerned the
long-standing rule that a motion for new trial must be verified or supported by
affidavit when the motion is based on matters outside the record.[22]  Moreover, the court of criminal appeals has
held that to preserve error caused by jury misconduct, Athe defendant must file a motion for new trial
supported by affidavits of a juror or other person in a position to know the
facts alleging jury misconduct.@[23]  In any case,
we conclude that by stating that it had Ano objections@ to the admission of the affidavits, the State waived
any challenge to the evidence supporting the motion.[24]

The State also argues that the trial court should
have declined to hear testimony regarding the jurors= erroneous belief that they would decide appellant=s punishment. 
In support of its argument, the State cites Arnold v. State,[25]
and Peavy v. State.[26]  In Arnold, the court of criminal
appeals rejected an appellant=s argument that the trial court erred in overruling
her motion for new trial and held that the trial court should have declined to
hear a juror=s testimony that if the jury had known that it would
not be assessing punishment, the verdict would have been not guilty.[27]  Similarly, the Peavy court relied on Arnold
in rejecting the appellant=s claim of jury misconduct, holding that Athe trial court should have declined to hear the
testimony@ in support of the appellant=s claim.[28]  

We have already determined, however, that the State
did not object to the admission of the affidavits in support of appellant=s motion. 
Accordingly, we reject the State=s argument that the trial court should not have
considered the evidence.[29]  








It is undisputed that the reporter=s record reflects that a juror advised the trial
court that the jury Acame to a unanimous decision based on knowing that
we got to decide the punishment.@  The
affidavits submitted in support of appellant=s
motion for new trial state that several jurors stated that Athe jurors would never have arrived at a unanimous
verdict had the jury known that they would not determine punishment.@ 

Because the uncontroverted evidence establishes
juror misconduct under rule 21.3(c),[30]
we hold that the trial court abused its discretion in denying appellant=s motion for new trial.  Because the State failed to introduce any
controverting evidence, no issue of fact existed for the trial court to
determine.[31]  In such cases, a new trial should be granted.[32]  We further hold that the trial court=s error affected appellant=s substantial rights.[33]


Because the trial court abused its discretion in
denying appellant=s motion for new trial, we reverse the trial court=s judgment and remand the cause for a new
trial.        

 

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex. R. App. P.  47.2(b)

Memorandum Opinion delivered and 

filed this the 30th day of August, 2005.











[1] See Tex. Pen. Code Ann. ' 30.02 (Vernon 2003). 






[2] Tex.
R. App. P. 47.4.





[3] 
See Tex. R. App. P. 25.2(a)(2).





[4] See Allen v. United States,
164 U.S. 492 (1896).   





[5] Salazar v. State, 38 S.W.3d
141, 148 (Tex. Crim. App. 2001). 





[6] Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997); Jennings v. State, 107 S.W.3d 85, 89-90
(Tex. App.BSan Antonio 2003, no pet.). 





[7] Jennings, 107 S.W.3d at 90
(citing Salazar, 38 S.W.3d at 148). 





[8] Id. (citing Guzman,
955 S.W.2d at 89). 





[9] State v. Read, 965 S.W.2d
74, 77 (Tex. App.BAustin 1998, no pet.). 





[10] Id.





[11] Tex.
R. Evid. 606(b).





[12] Sanders v. State, 1 S.W.3d
885, 887 (Tex. App.BAustin 1999, no pet.). 





[13] Id.  





[14] Id. (citing Buentello v.
State, 826 S.W.2d 610, 613‑14 (Tex. Crim. App. 1992)).





[15] Tex.
R. Evid. 606(b); see Hicks v. State, 15 S.W.3d 626, 629-30 (Tex.
App.BHouston [14th Dist.] 2000, pet.
ref'd); Sanders, 1 S.W.3d at 887. 





[16] Salazar, 38 S.W.3d at 147
(holding where both parties withdrew rule 606(b) objections, testimony and
affidavits of jurors regarding discussion of parole laws during deliberation
was available for court=s consideration); Brantley v.
State, 48 S.W.3d 318, 329 (Tex. App.BWaco 2001, pet. ref=d) (holding because no objection raised at motion for new
trial hearing to admission of evidence regarding jurors= discussions during deliberation,
applicability of rule 606(b) is not raised).





[17] See Hicks, 15 S.W.3d at 630
(citing Mayo v. State, 708 S.W.2d 854, 856 (Tex. Crim. App. 1986)
(witness permitted to testify regarding telephone conversation with juror)); Sanders,
1 S.W.3d at 887. 





[18] Tex.
R. App. P. 21.3(c); Jennings, 107 S.W.3d at 90.





[19] Jennings, 107 S.W.3d at 90.





[20] Salazar, 38 S.W.3d at 147; Brantley,
48 S.W.3d at 329.  





[21] See Read, 965 S.W.2d at 77.





[22] Bearden v. State, 648
S.W.2d 688, 691-92 (Tex. Crim. App. 1983); see Connor v. State, 877
S.W.2d 325, 327 n.3 (Tex. Crim. App. 1994) (citing Bearden=s role in judicial imposition of the
requirement that motions for new trial based on matters outside the record must
be verified or supported by affidavit).  






[23] Trout v. State, 702 S.W.2d
618, 620 (Tex. Crim. App. 1985) (emphasis added).  





[24] See Salazar, 38 S.W.3d at
147.





[25] Arnold v. State, 486 S.W.2d
345, 347 (Tex. Crim. App. 1982).





[26] Peavy v. State, 654 S.W.2d
717, 718 (Tex. App.BHouston [14th Dist.] 1983, pet. ref=d).   





[27] Arnold, 486 S.W.2d at 347.





[28] Peavy, 654 S.W.2d at 718.





[29] See Salazar, 38 S.W.3d at
147.





[30] See Tex. R. App. P. 21.3(c).





[31] See Escarceaga v. State,
711 S.W.2d 400, 402 (Tex. App.BEl Paso 1986), pet. dism=d, improvidently granted, 767 S.W.2d 806, 807 (Tex. Crim.
App. 1989). 





[32] Id.  





[33] See Garza v. State,
630 S.W.2d 272, 274 (Tex. Crim. App. 1981).